UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TODD DEAN VAN FOSSEN, | \* | CIV 21-4154 |
| | \* | |
| Petitioner, | \* | |
| | \* | |
| vs. | \* | ORDER |
| | \* | |
| YANKTON FPC WARDEN, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the court is a *pro se* habeas petition pursuant to 28 U.S.C. § 2241 filed by Petitioner Todd Dean Van Fossen, an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota. In his Petition, Petitioner requests all of his earned time credits under the First Step Act, Public Law No. 115-391, be applied in full toward reducing his home eligibility date. Under various formulas Petitioner claims he is now entitled to 16 to 26 months of Earned Time Credits. In response, the Respondent filed a Motion to Dismiss on the basis that the Court lacks subject matter jurisdiction including ripeness and because Petitioner failed to state a claim and because Petitioner has failed to exhaust his administrative remedies.

Respondent states that Petitioner Van Fossen has a projected release date of December 16, 2022, via an early release under 18 U.S.C. §3621(e) for successful completion of the Residential Drug Abuse Program (RDAP) according to the Declaration of Jill Sternhagen. The Court does take judicial notice of that Declaration and its attachments pursuant to FED. R. EVID. 201.

Petitioner is also in an anger management program which upon successful completion he will receive some Earned Time Credits. At this time Petitioner has not completed any programming hours entitling him to Earned Time Credits.

Petitioner has not made a showing of having exhausted his administrative remedies with the Bureau of Prisons. The Court can waive the administrative exhaustion requirement if Petitioner would suffer irreparable harm without immediate judicial consideration of his claim. *McCarthy v.*

*Madigan*, 503 U.S. 140, 146-149 (1992 ).

If Petitioner does earn Earned Time Credits in the future, there is enough time before the projected release date of December 16, 2022, for any Earned Time Credits to be applied. That conclusion is based upon the Court's determination from other First Step Act cases that with the way the Bureau of Prisons is calculating Earned Time Credits, there will be only a small amount of Earned Time Credits available to Petitioner. Petitioner challenges the way the Bureau of Prisons is currently calculating Earned Time Credits. At this point, Petitioner has no credits at all with which to challenge the calculations and rulemaking of the Bureau of Prisons on whether to allow credits for various inmate activities, and if allowing credits, how many credits to allow for each hour and day of activity.

As a result of the above, there is no basis for the Court to waive the administrative exhaustion requirements as Petitioner will not suffer irreparable harm without immediate judicial consideration of his claim. Accordingly,

IT IS ORDERED:

1.   That Respondent's Motion to Dismiss, Doc. 8, is granted.

2.   That Petitioner's Emergency Motion for Immediate Release, Doc. 12, is denied.

3.   That Petitioner's claims, Doc. 1, are dismissed without prejudice.

Dated this 20th day of October, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, Clerk

2